**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM LEONARD AND KAREN LEONARD,<br><br>       Plaintiffs,<br>v.<br><br>BED, BATH & BEYOND, INC.,<br><br>       Defendant/Third-party plaintiff<br><br>v.<br><br>NAPA HOME & GARDEN, INC., et al.<br><br>       Third-party defendants | Civil Action<br><br>2:14-CV-2357-CCC-SCM<br><br><br>**OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVELY TO TRANSFER VENUE [D.E. 26]** |

STEVEN C. MANNION, UNITED STATES MAGISTRATE JUDGE

I.   **INTRODUCTION**

Before this Court is defendant Bed, Bath & Beyond's ("Defendant") motion to dismiss, and alternatively, request to transfer.  (ECF Docket Entry ("D.E.") 26 and 38). Pursuant to Federal Rule of Civil Procedure 78(b), no oral argument was heard.  Upon consideration of the parties' submissions and for the reasons set forth below, this Court hereby **TRANSFERS** this matter to the Eastern District of

1

North Carolina, deeming Defendant's Motion to Dismiss as **moot.**

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs William Leonard and Karen Leonard ("Plaintiffs") filed a complaint against defendant Bed Bath & Beyond, Inc. ("Defendant") in the Superior Court, Camden County, New Jersey. (D.E. 26-1 at 4). Plaintiffs alleged various state law claims arising out of an accident that occurred at their home in Wilmington, North Carolina from a product they purchased from Defendant in that state. (D.E. 26-1 at 4-5).

On November 22, 2013, the Superior Court dismissed the matter on Defendant's motion. (D.E. 26-1 at 5-6). According to the court, the only connection the case has to New Jersey is that Defendant's headquarters is located here. (D.E. 26-8 at 14-15). Every other aspect of the case is located in North Carolina. (Id.). Therefore, the court dismissed the case pursuant to the doctrine of *forum non conveniens*. (D.E. 26-8 at 14-15).

On April 11, 2014, plaintiffs filed a complaint in this Court alleging the same claims previously filed in Superior Court. (D.E. 1). On January 30, 2015, Defendant filed the

2

instant motion. (D.E. 26). Plaintiffs opposed on February 24, 2015. (D.E. 31).

On March 6, 2015, this Court *sua sponte* ordered the parties to brief "(1) whether venue is proper in the District of New Jersey; (2) if Defendant concludes that venue is improper in the District of New Jersey, whether the action should be transferred to another district pursuant to 28 U.S.C. 1406; (3) if Defendant concludes that venue is proper in the District of New Jersey, whether the action should be transferred to another district pursuant to 28 U.S.C. 1404; and (4) which district, if any, the action should be transferred to." (D.E. 33). Both parties responded. (D.E. 38, 41).

### III. DISCUSSION

#### A. Forum *Non Conveniens*

Defendant asserts that the Court should dismiss this matter on the basis of forum *non conveniens* because "the Camden County Superior Court has already determined that New Jersey is an inappropriate forum for plaintiffs' claims." (D.E. 26-1, at 6). In the alternative, defendant argues that the Court should transfer this matter to the Eastern District of North Carolina. (D.E. 38 at 2).

3

Plaintiffs oppose and assert that the Superior Court's decision is not binding on this forum. (D.E. 31-1 at 5). Additionally, Plaintiffs curiously argue that New Jersey is the more convenient and appropriate forum. (D.E. 41).

A federal court may dismiss a case on forum *non conveniens* grounds "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, 127 S.Ct. 1184, 167 L. Ed. 2d 15 (2007) (alterations in the original)(quotation marks omitted). However, the common law doctrine primarily applies "where the alternative forum is abroad," and only "perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* (internal citations and quotation marks omitted); *see also American Dredging Co. v. Miller*, 510 U.S. 443, 448 n. 2, 127 L. Ed. 2d 285, 114 S. Ct. 981 (1994).

4

For most other cases, the appropriate venue is the core of such concerns, which Congress addressed when the doctrine was codified through 28 U.S.C. § 1404 (a) that provides for "transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem*, 549 U.S. at 429 ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." (quoting 28 U.S.C. 1404 (a)). Thus, when there is another appropriate federal district court forum, the motion for dismissal on forum *non conveniens* grounds is best treated as a motion to transfer. *See Horowitz Finance Corp. v. Vacation Time of Hilton Head Island, Inc.*, 1991 WL 192149, 1991 U.S. Dist. LEXIS 13375, at *19 (D.N.J. Sept. 23, 1991).

This Court therefore declines to analyze this motion pursuant to the doctrine of forum *non conveniens* because the alternative venue Defendant is seeking is the Eastern District of North Carolina, another federal district court.[1]

---

[1] The Court applies § 1404(a) and declines to find that New Jersey is an improper venue for this dispute. *See Jumara*, 55 F.3d at 878 (stating that § 1404(a) provides for transfer from one proper forum to another while § 1406 provides for transfer of a case filed in a forum that is

5

*See Sinochem*, 529 U.S. at 429 (stating dismissal on forum *non conveniens* grounds "has continuing application in federal courts only in cases where the alternative forum is abroad"). Since the alternative forum is indeed domestic, forum *non conveniens* does not apply and the Court will determine whether this matter should be transferred pursuant to 28 U.S.C. § 1404. *See Id.; see also Lafferty v. Gito St. Riel*, 495 F.3d 72, 78, n.8 (3d Cir. 2007).

B. <u>Transfer</u>

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07-1229, 2008 U.S. Dist. LEXIS 15623, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008). Further, the decision to grant or deny an application for transfer is discretionary. *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Consequently, if such a decision is appealed, the district court must affirm

---

not the proper venue). "Section 1406 . . . applies where the original venue is improper and provides for either transfer or dismissal of the case. Thus, while either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal." *Jumara*, 55 F.3d at 878.

the decision unless it is "clearly erroneous or contrary to law." *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

As a threshold matter, this Court must determine whether this action could have been properly brought in the Eastern District of North Carolina. *See Cadapult*, 98 F. Supp. 2d at 568; *Shutte,* 431 F.2d at 25. Defendant bears the burden of demonstrating "the propriety of venue in the transferee district and jurisdiction over all of the defendants." *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).

Defendant states that North Carolina, through its long arm statute, has personal jurisdiction over the parties. (D.E. 32 at p. 6-7). Two sections of the statute appear to be relevant. Section 1-75.4(3) provides for personal jurisdiction "in any action claiming injury to person . . . within [North Carolina] arising out of an act or omission within [North Carolina] by the defendant". Section 1-75.4(4)(b) provides for personal jurisdiction "in any action claiming injury to person . . . within [North Carolina] arising out of an act of omission outside [North Carolina] by the defendant" if, around the time of the plaintiff's claimed injury, "products, materials or thing

7

processed, serviced or manufactured by the defendant were used or consumed, within [North Carolina] in the ordinary course of trade". N.C.G.S.A. §§1-75.4 (3) and (4)(b).

Plaintiffs argue that the only contacts Defendant has had with North Carolina occurred when the Plaintiffs purchased the product at one of Defendant's stores in North Carolina. (D.E. 41 at 3). Plaintiffs continue to argue that no evidence has been provided to prove that any of the third party defendants has had any contacts within the state of North Carolina. (D.E. 41 at 3).

Plaintiffs' argument is seriously flawed as it would seem that Defendant and the third-party defendants would fall under either section, if not both sections of the long arm statute. Though Defendant engaged in a limited act within North Carolina by virtue of selling the product to Plaintiffs, that is enough of a contact as it caused the alleged injuries. Additionally, the third party defendants, together with Defendant, manufactured the product in question which caused the alleged injuries when it was used by the Plaintiffs "in the ordinary course of trade". Therefore, this Court finds that venue would be appropriate in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391.

8

Next we turn to whether transfer is appropriate. In analyzing a request to transfer venue, courts have not limited consideration to the factors enumerated in §1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (internal citations and quotation marks omitted).

The purpose of §1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses and the public against avoidable inconveniences and expenses. The Court in *Jumara* established factors in two categories to assist a court's analysis of a motion to transfer: private interests and public interests. *Id.* In examining the private interests, courts should look to the following factors: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties indicated by their relative physical and financial condition; (5) the convenience of witnesses; and (6) the location of books and records relevant to the dispute. *Id.* The last two factors

9

are not relevant unless the witnesses and/or records would be unavailable at trial in one of the two fora. *Id.*

In considering the public interests, courts are instructed to analyze: (1) the enforceability of the judgment; (2) practical concerns that could reduce the time and expense necessary to resolve the claims at issue; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The moving party bears the burden of proving the need for transfer. *LG Elecs. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). This burden is a heavy one; as the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should

prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

The balance of private and public factors here compel transfer of this matter to the Eastern District of North Carolina: (1) the plaintiffs are located in North Carolina; (2) Plaintiffs' chosen forum is foreign and has rejected their case; (3) North Carolina is more convenient for Plaintiffs and their witnesses;[2] (4) North Carolina is the location of the at-issue product's consumption, which is critical in a product liability claim;[3] (5) Plaintiffs were injured in North Carolina; (6) court congestion statistics suggest that the parties will get to trial faster in North Carolina than in New Jersey; (7) the interest in deciding local controversies at home also favors transfer;[4] and (8)

---

[2] *See, e.g., Nat'l Prop. Investors v. Shell Oil Co.*, 917 F. Supp. 324, 328 (D.N.J. 1995); *Hoppe v. G.D. Searle & Co.*, 683 F. Supp. 1271, 1276 (D. Minn. 1988) ("unavailability of compulsory attendance of these key witnesses is a compelling reason to transfer the case"); *Moore v. Velsicol Chemical Corp.*, 1980 U.S. Dist. LEXIS 12972, *6-8 (N.D. Ill. Jun. 18, 1980) (court transferred a products liability case to plaintiff's home district where treating physicians were located because the Court considered it more important for the finder of fact to have the live testimony of these potential witnesses).

[3] See *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 326 (D.N.J. 1998).

[4] Courts have an interest in deciding local controversies, and consequently, when an action "involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 201 (E.D. Pa. 2008).

11

"New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and[/]or conduct which occurred predominantly outside the State of New Jersey." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 481, 526 (D.N.J. 1998). Thus, taking the private interest factors and the public interest factors together, transferring venue to the Eastern District of North Carolina is appropriate under §1404(a).

**IV. CONCLUSION**

The Court finds that transfer is appropriate in the interests of justice. The only connections this case has to New Jersey is Defendant's headquarters and Plaintiffs' counsel. On balance, the *Jumara* factors weigh in favor of transfer and Defendant has therefore met its burden in demonstrating that a transfer is appropriate under 28 U.S.C. §1404(a).

For the foregoing reasons,

**IT IS** on this Friday, May 22, 2015,

1. **Ordered** that Defendant's request to transfer on the Court's *sua sponte* motion is **GRANTED**; and it is further

12

2. **ORDERED** that Defendant's motion to dismiss, (D.E. 26), is **terminated** as moot; and it is further

3. **ORDERED** that the Clerk of the Court shall transfer the action to the United States Eastern District of North Carolina; and it is further

4. **ORDERED** that the transfer be stayed for twenty (20) days to accommodate any appeal to the District Court.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/22/2015 6:44:55 PM

Original: Clerk of the Court
cc: Hon. Claire C. Cecchi, U.S.D.J.
All parties
    File